# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP732-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Anne E. Brown, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>            Complainant,<br>      v.<br>Anne E. Brown,<br>            Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BROWN

| | |
|---|---|
| OPINION FILED: | May 17, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP732-D

STATE OF WISCONSIN          :          IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Anne E. Brown, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

  v.

Anne E. Brown,

      Respondent.

**FILED**

**MAY 17, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1    PER CURIAM.   Attorney Anne E. Brown has filed a petition for consensual license revocation under SCR 22.19.[1]

---

[1] SCR 22.19 states as follows:   Petition for consensual license revocation.

> (1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme

Attorney Brown was admitted to the practice of law in Wisconsin in 1984. She was privately reprimanded in 2006 and again in 2007. In 2012 her license to practice law was suspended for two years as a result of various trust account violations and failing to cooperate with the investigation of a grievance filed with the Office of Lawyer Regulation (OLR). In re Disciplinary

---

court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

*Proceedings Against Brown*, 2012 WI 51, 340 Wis. 2d 527, 814 N.W.2d 172. Her license remains suspended.

¶2 Attorney Brown is currently the subject of six additional OLR investigations into her conduct. The Preliminary Review Committee found cause to proceed on 26 counts of misconduct arising out of the six investigations. The alleged misconduct includes instances where Attorney Brown sought and received advanced fees, did not follow the advanced fee alternatives in SCR 20:1.15(b)(4m), did little or nothing for her clients and discontinued contact with them, failed to provide written fee agreements as required, failed to respond to requests for accountings of advanced fees, failed to refund unearned advanced fees, failed to timely file documents in a divorce case, and failed to timely respond to the OLR's investigative inquiries.

¶3 Attorney Brown admits that she cannot successfully defend against the allegations of the grievance investigations. The OLR supports Attorney Brown's petition for consensual license revocation. The OLR asks that Attorney Brown be ordered to make restitution in favor of five clients, and to the extent that the State Bar of Wisconsin Lawyers' Fund for Client Protection (the Fund) has reimbursed any of those clients, then the Fund should be so reimbursed. The OLR does not seek an assessment of costs.

¶4 We determine that the petition for consensual license revocation should be granted and that Attorney Brown's license

to practice law should be revoked effective the date of this order.

¶5 IT IS ORDERED that the license of Anne E. Brown to practice law in Wisconsin is revoked effective the date of this order.

¶6 IT IS FURTHER ORDERED that Anne E. Brown shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked, to the extent she has not already done so.

¶7 IT IS FURTHER ORDERED that within 60 days of the date of this order Anne E. Brown shall make restitution to the following clients. To the extent that the State Bar of Wisconsin Lawyers' Fund for Client Protection has reimbursed any client at the time restitution is paid, then the Fund shall be so reimbursed:

| | |
|---|---|
| In favor of Client J.G.: | $2,500 |
| In favor of Client D.W.: | $6,042.96 |
| In favor of Client J.B.: | $2,500 |
| In favor of Client K.W.: | $2,500 |
| In favor of the Fund (Client K.T.): | $1,850 |

¶8 IT IS FURTHER ORDERED that the Director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.